UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISEMOUNT PROPERTY, INC., <br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARTYJOYCE ILA STOKES, DNEAN STOKES-GUADAGNI, RON ADCOCK, and DOES 1-50,<br><br>　　　　　　　　　　　Defendants. | Case No.: 22-cv-353-JO-AHG<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

　　　　On January 19, 2022, Plaintiff Wisemount Property, Inc. ("Plaintiff" or "Wisemount") filed an unlawful detainer action against Defendants MartyJoyce Ila Stokes and DNean Stokes-Guadagni in California Superior Court. Dkt. 1-2 at 6. On March 16, 2022, Defendants, proceeding *pro se*, removed this action to federal court. Dkt. 1. Their notice of removal asserted that federal question jurisdiction exists because Wisemount violated a bankruptcy stay by filing this unlawful detainer action. After the stay was lifted, Plaintiff sought a remand of this action on the ground that this Court lacks subject matter jurisdiction. Subsequently, the bankruptcy case was closed.

　　　　Pursuant to 28 U.S.C. § 1441(a), defendants removing a complaint from state court "must demonstrate that original subject-matter jurisdiction lies in federal courts." *Syngenta*

*Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of [a] properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Neither federal defenses nor counterclaims give rise to federal question jurisdiction. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

Here, the complaint filed by Plaintiff in state court pleads only one cause of action for unlawful detainer. Dkt. 1 at 2, 15–17. A cause of action for unlawful detainer arises under state law and does not require resolution of a significant question of federal law. *Ralph Partners II, LLC v. Tate*, 2018 WL 3213974, at *1 (N.D. Cal. July 1, 2018) (collecting cases). Because the removed complaint presents no federal question on its face, this Court does not have federal question jurisdiction over this case, despite the presence of peripheral issues such as the purported violation of a bankruptcy stay. Moreover, in this case, the bankruptcy case has now been dismissed and the stay lifted.

Neither does diversity jurisdiction permit removal of this case. Wisemount is a California corporation, Dkt. 1-2 at 6, and it appears Defendants are residents of California based on the address they list on their notice of removal and their answers filed in state court. *See, e.g.*, Dkt. 1 at 1, 2; Dkt. 1-2 at 20–24, 27–32. Moreover, Defendants do not dispute that they are California citizens in their brief opposing remand. *See* Dkt. 4. Removal is, therefore, not warranted on the basis of diversity citizenship among the parties. 28 U.S.C. § 1441(b); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005) (removal is possible only where there is complete diversity between the parties and no defendant is a citizen of the forum state). Because the Court has no basis for subject matter jurisdiction, the Court REMANDS this case to state court.

**IT IS SO ORDERED.**

Dated: 10/24/22

Hon. Jinsook Ohta
United States District Judge